Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of LOUIS CRISO, Respondent, for Compensation under the Workmen's Compensation Law, *v.* EDGEWATER SAWMILLS COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 16, 1921.

**Workmen's Compensation Law — award — Industrial Commission on reconsideration may increase original award as of date thereof where claimant has not cashed drafts sent to him in payment — § 22, providing that review shall not affect award as to moneys paid not applicable — provision of § 16 that wages in excess of $100 per month are not to be considered in computing compensation applies to death benefits only.**

The State Industrial Commission has the power to modify an award on reconsideration and increase the same as of the date of the accident, where the claimant had not, at the time the award was modified, received the money on any of the drafts sent to him by the insurer, for section 22 of the Workmen's Compensation Law, providing that a review shall not affect an award as regards any moneys already paid, is not applicable except where the claimant has actually received the money.

The claim is for injuries to the claimant and not for death benefits, and the Commission was not limited by section 16 of the Workmen's Compensation Law which, at the time of the accident, provided that any excess of wages above $100 per month could not be considered in fixing the compensation, for that provision applies to death benefits only.

APPEAL by the defendants, Edgewater Sawmills Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 7th day of January, 1921.

*Benjamin C. Loder* [*William B. Davis* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant was a minor of the age of sixteen years when he met with an accidental injury resulting in the loss of his right hand. The Industrial Commission made an award based upon wages actually received at the date of the accident. One year later it reconsidered the case, and upon proof submitted determined that under normal conditions the wages of claimant would have increased. Accordingly, exercising the powers conferred by subdivision 5 of section 14 of the Workmen's Compensation Law, it made a modified award, to take effect as of the date of the accident, on the basis of a wage of twenty-five dollars per week. Intermediate the two awards the appellant insurer sent to claimant drafts totaling the amount due to claimant under the first award for a period of thirty-six weeks. None of these drafts were cashed by claimant, although he failed to return them to the appellant. The appellants argue that under section 22 of the Workmen's Compensation Law, as construed by *Matter of Solatar* v. *Neuglass & Co.* (228 N. Y. 508), the Commission had no power to modify the award as to installments previously payable. That section, after providing for the review and modification of awards previously made, places the following limitation thereupon: " No such review shall affect such award as regards any moneys already paid." The obvious purpose of this section was to prevent a recovery by an insurer of any moneys actually paid a claimant under an award subsequently

vacated or decreased. A less obvious purpose was to relieve an insurer which had paid under the original award from any obligation to pay an increase. (*Matter of Solatar* v. *Neuglass & Co., supra.*) We think that the literal meaning of the words "any moneys already paid" should be given effect, and that if *moneys*, as in this case, have not actually been paid, the power of the Commission to modify awards retroactively is not limited. The appellants, also, argue that under the last paragraph of section 16 of the Workmen's Compensation Law the Commission could not make a weekly wage of twenty-five dollars the basis of an award since that sum exceeds a wage of one hundred dollars per month. The paragraph in question, as it stood when this accident occurred, read as follows: "Any excess of wages over one hundred dollars a month shall not be taken into account in computing compensation *under this section.*" The provision does not apply for the reason that "this section" is section 16, which applies exclusively to death benefits, and they are not involved here.

The award should be affirmed.

Present — JOHN M. KELLOGG, P. J., COCHRANE, H. T. KELLOGG, KILEY and VAN KIRK, JJ.

Award modified so as to provide that before any payments are made to the claimant under said award the drafts held by him shall be returned to the insurance carrier, and as so modified unanimously affirmed.