MOKA MORITA *v.* HAWAIIAN FERTILIZER COMPANY, LIMITED, AND LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED.

No. 1452.

RESERVED QUESTIONS FROM INDUSTRIAL ACCIDENT BOARD.

SUBMITTED JUNE 18, 1923.          DECIDED SEPTEMBER 12, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

WORKMEN'S COMPENSATION—*effect of loss of right to benefits by alien dependent widow leaving the United States.*

> Where a Japanese alien dependent widow, for the use and benefit of whom and of her Hawaiian born dependent minor children compensation had been awarded by the industrial accident board, leaves the United States, the widow loses all right to any benefits under the Workmen's Compensation Act and her departure constitutes a change of conditions warranting the board in modifying the original award by ending the compensation previously payable to the widow and directing the remainder of the death benefit, subject to the maximum provided by the act, to be thereafter paid to the minor children as the only dependents of the deceased workman.

On June 23, 1920, the industrial accident board of the City and County of Honolulu, pursuant to the provisions of the Workmen's Compensation Act as amended, awarded compensation to the widow and three minor children of a workman the death of whom had resulted from personal injury by accident arising out of and in the course of his employment by the Hawaiian Fertilizer Company, Limited. At the time of the death of the workman and thereafter until October 1920, when they left for Japan as hereafter more particularly set forth, the widow and minor children of the workman were actually residing in Hawaii. The award is in the usual form, runs against the employer and the London Guarantee and Accident Company, Limited, the insurance carrier, and makes the compensation payable to the widow for the use of herself and her dependent children. Prior to the departure of the widow and minor children for Japan the compensation had not been apportioned between them by the board. This award was never appealed from by any of the parties thereto and pursuant to the provision of section 39 of the act the insurance carrier caused a judgment to be entered in the circuit court of the first circuit in accordance with said award. The minor children of the deceased were born in the Territory of Hawaii. The widow is an alien Japanese. In October 1920 the widow left the Territory of Hawaii, taking the minor children with her, for the purpose of residing in the Empire of Japan and the widow and minors since that date and at the time of the filing of the motion to modify the award hereinafter referred to were and are residents of and living in the Empire of Japan. Since October 1920 no payments have been made by the former employer or by the insurance carrier to any person under said award. The widow is still alive and unmarried.

On October 13, 1922, the minor children by the guard-

ian of their respective estates moved the industrial accident board for the modification of said award upon the sole ground that their mother, an alien, had left the United States and prayed that the board make an award ending the compensation to the widow and adjusting the compensation of the minors according to law.

The basis of the foregoing statement is an agreed statement of facts prepared by the parties and adopted by the board.

Upon this state of the case the industrial accident board, pursuant to the provisions of section 38 of the Workmen's Compensation Act, certified the following questions of law to this court for its determination:

"I.   Has there been any change of condition under the facts disclosed which comes within any provision of the Workmen's Compensation Act, and which would empower the board under section 37 of said Act to modify the former award in any particular?   (Section 37 reading as follows):

" 'Modification of Awards and Agreements. Section 37. On the application of any party on the ground of a change of conditions, the board may at any time, but not oftener than once in six months, review any agreement or award, and on such review may make an award ending, diminishing, or increasing the compensation previously agreed upon or awarded subject to the maximum and minimum provided in this Act, and shall state its conclusions of fact and rulings of law, and immediately send to the parties a copy of the award, but this section shall not apply to a commutation of payments under section 18.' "

"II.   Does the departure of the alien mother, taking with her the Hawaiian born minor children, and her and their residence in Japan, operate to suspend the original award until her death or remarriage; or to give the board power to apply section 7, paragraph (b), last sentence, reading: 'Such compensation to the widow or widower shall be for the use and benefit of such widow or widower, and of the dependent children, and the industrial accident

board may from time to time apportion such compensation between them in such way as it deems best,' or if any modification is allowable, has the board power to apply section 7, paragraph (c) of the Workmen's Compensation Act, reading: 'If there be no dependent widow or widower, but a dependent child or children, then to such child or children thirty per centum, with ten per centum additional for each child in excess of two, with a minimum of fifty per centum, to be divided equally among such children if more than one.' "

"III. If the former question is answered in the affirmative, upon what date shall the modification of award take effect?"

"IV. Should effect be given to section 8 of the Act, last paragraph, reading: 'An alien shall not be considered dependent within the meaning of this Act, unless actually residing within the United States, and any alien dependent leaving the United States shall thereupon lose all right to any benefit under this Act,' by deducting from the limit of $5000.00 set out in section II of the Act, the amounts which would have been payable to the widow, had she remained in the United States?"

"V. If the board has power to modify the award in any particular under the admitted facts, how much, over what period, and to whom would compensation be payable so as to protect the minor children, the defendant and the insurance carrier in complying therewith?"

The questions propounded will be discussed seriatim.

1. The departure of the alien mother from the Territory of Hawaii taking with her the Hawaiian born minor children and her and their subsequent residence in Japan constitutes "a change of conditions" within the meaning of section 37 of the act quoted in the first question propounded.

Section 8 of the Workmen's Compensation Act provides:

"An alien shall not be considered a dependent within the meaning of this Act unless actually residing within the United States, and any alien dependent leaving the

United States shall thereupon lose all right to any benefits under this Act."

Both parties concede that the words "leaving the United States," in the event of which an alien dependent shall lose all right to any benefits under the act, contemplate a change of domicile, that is, an abandonment of the United States by the alien as his place of domicile with the intention of not returning and taking up his residence in a place outside of the United States with the intention of permanently residing in the latter place. The agreed statement of facts of the parties hereto admits such change of domicile by the widow from the United States to the Empire of Japan. Hence, whereas prior to the widow's departure compensation was payable pursuant to the provisions of paragraph b, section 7, upon the basis of a surviving dependent widow and minor children, the widow, by leaving the United States having lost all right to any benefit under the Workmen's Compensation Act, has brought about "a change of conditions" warranting the industrial accident board in modifying the award by ending the compensation previously payable to the widow and directing the remainder of the death benefit to be paid as provided by law.

2. The Workmen's Compensation Act is not entirely clear upon the effect of this loss to the alien dependent widow of her right to any benefit under the act upon her leaving the United States. Section 9 of the act in defining the periods of compensation concludes with the provision: "Upon the cessation of compensation *under this section* to or on account of any person the compensation of the remaining persons entitled to compensation for the unexpired part of the period during which their compensation is payable shall be that which such persons would have received if they had been the only persons entitled to compensation at the time of the decedent's death." Nowhere

in section 9, however, is a loss of right to benefits in the event of the alien dependent widow leaving the United States referred to as a contingency upon which compensation should cease. It would seem, therefore, that the provision of forfeiture of rights to compensation upon an alien leaving the United States is a limitation upon the provisions of section 8 defining "dependents."

The full text of section 8 of the act is as follows:

*"The following persons, and they only, shall be deemed dependents* and entitled to compensation under the provisions of this Act;

"A child if under sixteen years of age, or incapable of self-support and unmarried, whether ever actually dependent upon the deceased or not;

"The widow only if living with the deceased, or actually dependent, wholly or partially, upon him;

"The widower only if incapable of self-support and actually dependent, wholly or partially, upon the deceased at the time of her injury;

"A parent or grandparent only if actually dependent, wholly or partially, upon the deceased;

"A grandchild, brother, or sister only if under sixteen years of age, or incapable of self-support, and wholly dependent upon the deceased. The relation of dependency must exist at the time of the injury.

"An alien shall not be considered a dependent within the meaning of this Act unless actually residing within the United States, and any alien dependent leaving the United States shall thereupon lose all right to any benefits under this Act."

When the alien leaves the United States he ceases to be a dependent and is in exactly the same position as though he were not "actually residing within the United States" in the event of which under the same paragraph the act provides that he "shall not be considered a dependent within the meaning of this Act." If the alien upon leaving the United States is no longer a dependent within

the meaning of section 8 of the act then he must be excluded from further consideration under any of the provisions of the act. Section 7 of the act fixing the amount of compensation can only apply to those who are dependents within the meaning of section 8 of the act. In the instant case the widow upon her departure being excluded as a dependent the only dependents to which section 7 may apply are the three surviving children whose rights to compensation are determined by the provisions of paragraph c of that section which provides as follows: "If there be no dependent widow or widower, but a dependent child or children, then to such child or children thirty per cent., with ten per cent. additional for each child in excess of two, with a maximum of fifty per cent., to be divided equally among such children if more than one." Hence, under the provisions of section 37 the industrial accident board may modify the original award "ending the compensation" payable to the departed alien widow and treat the minor children as though they were the only dependents entitled to compensation and award them compensation under the provisions of paragraph c of section 7. The effect of the alien widow leaving the United States cannot properly be spoken of as a "suspension" of the award until her death or remarriage. Upon and after her departure she loses all right to compensation and the award so far as it grants compensation to her is thereupon and thereafter of no force or effect.

Paragraph b of section 7 allowing the industrial accident board to apportion the compensation between the widow and dependent children in such way as it may deem best is not applicable. That paragraph contemplates that the widow upon apportionment is entitled to compensation, the apportionment being simply to set aside to her individually the amount which the industrial accident board might deem properly payable to her. Under

the circumstances of this case, however, the departing alien widow has lost her rights to all benefits under the act.

Question II is answered in the negative except as to II (c) which is answered in the affirmative.

3. If upon leaving the United States the departing alien widow loses her right to compensation under the act the date of her "leaving" should govern and hence the date when the modification of the award should take effect would reasonably be upon the date when the widow left the United States.

4. No deduction should be made from the "maximum" death benefit of $5000. The loss sustained by the departing alien widow is not the employer's or insurance carrier's gain. The limit of their indemnity is $5000 and they are liable to compensation up to that amount. By section 37 of the act any modification of an award granting death benefits is subject to the maximum and minimum provided by the act.

5. The amount of compensation, the period of compensation and to whom compensation may be payable in the future depend entirely upon the provisions of the act itself and the contingencies that may arise. For the present the compensation is payable to the minor children under the provisions of paragraph c of section 7 for the periods provided by section 9 subject to the limitation fixed by section 11. Further than that we cannot say. Such compensation as may be payable to them may be made to the local representative of the minors, which in this case is the guardian of their respective estates.

Both parties have conceded that the minor children are citizens of the United States and our opinion is predicated upon that assumption. Nor has any point been made as to the effect of entering judgment upon the award in the circuit court.

*W. W. Thayer* for claimant.

*Brown, Cristy & Davis* for defendant and the insurance carrier.