[Civ. No. 5162. First Appellate District, Division One.—April 18, 1925.]

## CONTRACTORS INDEMNITY EXCHANGE OF CALIFORNIA, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JUDGE KING, Respondents.

[1] Workmen's Compensation Act—Amendment of Award—Ability of Employee to Work—Finding—Evidence.—In this proceeding by an insurance carrier of an employer to review an order of the Industrial Accident Commission amending an award in favor of an injured employee by reducing the employee to half compensation commencing on a specified date, the evidence was sufficient to justify the conclusion of the Commission, that before the date fixed, the employee was unable to perform work.

[2] Id.—Ability to Work—Construction of Act. — The Workmen's Compensation Act does not contemplate that one in the weakened condition that the evidence in such proceeding showed the injured employee to have been in should, from day to day, measure his strength and capacity in order to satisfy himself that he might be able to perform a light task of some character.

[3] Id. — Improvement of Condition — Burden of Proof. — In such proceeding, it was for the petitioner to prove that the injured workman's condition had so improved that he was able to obtain employment.

---

(1) Workmen's Compensation Acts, C. J., p. 132, n. 76.   (2) Workmen's Compensation Acts, C. J., p. 93, n. 62 New.   (3) Workmen's Compensation Acts, C. J., p. 132, n. 76.

1. Right and extent of review of findings of Industrial Accident Commission, note, L. R. A. 1917D, 186.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission amending an award of compensation. Award affirmed.

The facts are stated in the opinion of the court.

H. C. Kelsey for Petitioner.

Warren H. Pillsbury for Respondent.

TYLER, P. J.—*Certiorari* for the purpose of having determined the lawfulness of a certain order and award made by the Industrial Accident Commission.

The record discloses the following facts:

Judge King, aged fifty-one years, was on or about November 29, 1923, employed as a laborer by the Hutchinson Lumber Company at Oroville, California.

On the date last mentioned he sustained an injury arising out of and in the course of his employment when he was struck by a piece of lumber proximately causing injury of a serious nature, to his hip and back. Both employer and employee were subject to the provisions of the Workmen's Compensation Act (Stats. 1913, p. 279).

Petitioner Contractors Indemnity Exchange was the insurance carrier of the employer. On May 28, 1924, King filed an application with the respondent Commission for compensation benefits, reciting that Contractors Indemnity Exchange had stopped payments on March 5, 1924, because of his alleged refusal to submit to an operation.

Hearings were held on June 13, 1924, at Oroville, and on August 12, 1924, at San Francisco, at which times medical reports relating to the injuries of the employee were filed.

Upon said hearings and medical reports the Commission entered its findings and award on August 27, 1924. It found that King was still wholly disabled from labor on account of his injury and awarded temporary total disability payments until the termination of such disability or the further order of the Commission.

No rehearing was asked for.

On October 21, 1924, Contractors Indemnity Exchange filed a petition with respondent Commission reciting that inasmuch as King had testified at the hearing on August 12,

1924, that he was able to do some light work, petitioner had directed him to report to the employer at Oroville immediately and that light work would be supplied him. It was further stated in the petition that King had not reported to the Hutchinson Lumber Company as requested and was not attempting to do light work of any kind, and petitioner further claimed that since August 12, 1924, King had been able to do this character of work.

The petition came on for hearing on November 19, 1924. King was the only witness at the hearing. He testified, in effect, that since the last hearing in the case he had done some light work around his home, and that while his condition was improving he could not stoop without suffering pain nor could he lift anything that was heavy. He further testified that he would be glad to try to do light work, and that he had presented himself to the lumber company by whom he had been employed, and also another company and asked for work, but had been unable to obtain any.

At the close of the hearing King was directed to report to the assistant medical director of respondent Commission, and also to petitioner's physician for examination. The report of the physician of the Commission shows that there was a gradual improvement in the injured workman's condition and that it would be for his best interest to obtain some light work which did not involve heavy lifting. The report of petitioner's physician states that King still suffered some muscle spasm in his back, but he believed that he could return to work, although he might be fatigued therefrom the first few days.

This is all the evidence that was had relative to the injured workman's condition between August 12, 1924, the date of the last hearing, and November 19th, when the modified award was had. Upon this evidence the Commission reduced King to half compensation, commencing November 19, 1924.

From this order amending the award petitioner asked for a rehearing, which was denied.

[1] The present petition is one to review this amendment of the prior award. It is petitioner's contention that all the evidence shows that the total disability indemnity should have been terminated, and partial disability indemnity

should have been provided for as of August 12, 1924, or some date prior thereto.

It is conceded that the existence of disability caused by an industrial injury and the extent or duration of that disability are questions of fact to be established as other facts are established, but it is claimed that there is no evidence upon which the amended award can be based.

The contention is without merit. There is no question but that King was entitled to the award made in his behalf following the two original hearings based upon the nature of his injuries, and there is no evidence in the record to show any improvement in that condition between the date of the last hearing held August 12, 1924, and the one of November 19th of the same year. There is evidence to show that upon the latter date King's condition had improved and he could, in all probability, have performed some character of work. But during the interval between these dates there is nothing to show what his condition was. The injured workman, upon being requested by petitioner to apply to his former employer for light work, repeatedly did so. He also solicited employment from another firm, work of the same character, but in both instances it was denied him. His own testimony does not show that he could have satisfactorily performed light work, but only indicates that he desired to do so. His weakened condition which the evidence shows still existed at the date of the last hearing might have been responsible for his failing to secure the light employment he sought.

This physical impairment was a fact for the Commission to consider. [2] The act in question does not contemplate that one in the weakened condition the evidence shows King to have been in should, from day to day, measure his strength and capacity in order to satisfy himself that he might be able to perform a light task of some character. [3] It was for petitioner to prove that the injured workman's conditions had so improved that he was able to obtain employment.

Compensation is payable for inability to do work, or to obtain work because of the weakened physical condition of the workman, due to the accident, and the evidence here presented is sufficient to justify the conclusion of the Com-

mission, that before the period fixed, King was unable to perform work.

The award is affirmed.

Knight, J., and Cashin, J., concurred.