TONY MORISI *vs.* THE ANSONIA MANUFACTURING COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1928.

MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 11th—decided June 18th, 1928.

*Harold K. Watrous,* for the appellants (defendants).

*Patrick B. O'Sullivan,* with whom was *William F. Healey* and, on the brief, *Anthony Corsello,* for the appellee (plaintiff).

MALTBIE, J. On December 23d, 1921, the compensation commissioner awarded weekly compensation to the plaintiff, to be paid until it should appear that his incapacity by reason of the injury had increased, decreased or ceased, but not for longer than the period of five hundred and twenty weeks fixed by the statute as the maximum time, and in the same award he recommended a surgical operation. This the plaintiff refused to undergo, and on January 12th, 1922, the respondent-insurer stopped making payments to him,

About a year later, on January 24th, 1923, he did undergo the operation, and thereafter the insurer resumed making weekly payments to him and continued them until his incapacity ceased on April 30th, 1923. He did not go to work, however, at that time, but in November, 1923, he entered the employment of an employer other than the respondent company. Subsequently he suffered another injury and then consulted counsel as to his rights. On August 14th, 1926, his counsel applied to the clerk of the Superior Court for an execution based upon the award of December 23d, 1921, and one was issued for $1,801.27, this being the amount of the weekly award for the period during which the insurer had made no payments to him, with interest. The insurer thereupon procured an injunction against the service of the execution and on October 1st, 1926, filed a motion for a modification of the award. The respondents claimed that the award should be modified and that the modification should be retroactive to take effect when incapacity had ceased, that is, on April 30th, 1923. The commissioner, in a *pro forma* award, granted the motion in so far as to modify the award so that the respondents would be relieved of any obligation to make payments after the date of the application, but refused to make his order retroactive so as to take effect as of the time when incapacity had ceased. The respondents have appealed, and the question for us to determine is whether the commissioner erred in refusing the latter relief.

The powers of compensation commissioners are wholly the creation of the statute and our inquiry must be as to the intent of the legislature in the provisions it has made as to the revision of awards. These are found in § 5355 of the General Statutes, and the particular clause here involved is that one which states

that an award or voluntary agreement as to compensation shall be subject to modification, upon the request of either party, whenever it shall appear to the commissioner that the incapacity of the employee has increased, decreased or ceased. We have had occasion several times to consider this section of the statute, but none of our decisions involved the question now before us. A search for authorities in other jurisdictions discloses only a few decisions where a like question has been involved. These generally uphold the power of compensation boards or commissioners to make orders retroactive in effect, even though the statute contains no express authority to do so. *Fennessey's Case*, 120 Me. 251, 113 Atl. 302; *Zooma's Case*, 123 Me. 36, 121 Atl. 232; *Gvozdic* v. *Inland Steel Co.* (Ind. App.) 154 N. E. 804; *Criso* v. *Edgewater Sawmills Co.*, 191 N. Y. Supp. 316; see also *Contractors Indemnity Exchange* v. *Industrial Accident Commission*, 72 Cal. App. 350, 237 Pac. 404; *Morita* v. *Hawaiian Fertilizer Co.*, 27 Haw. 431, 438.

The leading authority upon the question is the English case of *Gibson & Co.* v. *Wishart*, L. R. (1915) App. Cas. 18, 7 B. W. C. C. 348, which counsel for the plaintiff very commendably called to our attention, though it is directly opposed to his present claim. In an earlier decision, *Donaldson Brothers* v. *Cowan* (1909) 46 S. L. Rep. 920, 2 B. W. C. C. 390, the Court of Session had held, on a petition for review, that the right to terminate the payment of compensation might not be made to antedate the filing of the petition. In the *Gibson* case, this decision was overruled by the House of Lords, all the Lords Justices agreeing and each rendering an opinion of considerable length. In general these opinions revolve around the proposition that, as the right to compensation is by the Act limited to the period of incapacity, to construe the provision

for a review so narrowly as to preclude an order which would be effective as of the time when incapacity actually ceased would be to run counter to the clear intent of the Act and to pave the way for manifest injustice. In view of the form of the award made in this case and generally in like cases by our compensation commissioners, a portion of the opinion of Lord Atkinson is particularly apropos, when he says (p. 28): "It may well be that as a general rule judgments of courts of law stand until they are reversed, and that when the right is claimed to modify them, the relief, when given, should only operate either from the time it is claimed, or from the time it is granted, according to the circumstances of the case; but where, as in this case, something is by an award directed or ordered to be done during the continuance of a certain state of circumstances, or until the happening of a certain event, then that judgment or order by its very terms directs that this thing need not be done when those circumstances have altered in the way contemplated, or that event has occurred. And, all question of laches or acquiescence apart, I can see no reason why, where in a proper proceeding the fact . . . that the particular state of circumstances has ceased, or the particular event has occurred when the thing directed should cease to be done, the arbitrator should not be entitled to make an order, in truth, only carrying into effect the first order, and to direct that this thing need not be further done."

While it is true that the procedure under the British Act differs from that under ours, the same reasoning is applicable here. Our Act provides, as to total incapacity, that "compensation shall not continue longer than the total incapacity" and, as to partial incapacity, that compensation "shall continue during the period of partial incapacity." General Statutes, §§5351, 5352,

amended, Public Acts of 1927, Chap. 307, §§3 and 4. In the absence of a clearly expressed intent, no provision of the Act should be construed so as to require the employer who is not in fault in delaying his application, under all the circumstances to pay compensation beyond the period of incapacity, for the legislature can hardly be assumed to have intended to have laid the basis for a result at variance with the underlying purpose of the Act and likely to work injustice to the employer. Of the particular section of the Act now before us, we have said: "The primary purpose of this section of the Act is to give compensation to the injured employee in measure as fixed by the statute, and to give no more; to limit the compensation for the incapacity of the injured employee, or for the measure of dependence, to the duration of the injury or incapacity, or of the measure of dependence; to increase the compensation within the statutory measure in so far as the incapacity or the dependence has increased, and in the event of a decrease in the incapacity or the dependence, to decrease the compensation to the extent of this decrease." *Saddlemire* v. *American Bridge Co.*, 94 Conn. 618, 624, 110 Atl. 63. The right of an injured employee to receive the compensation awarded to him is conditioned by the power conferred upon the commissioner to modify the award in a proper case; *Saddlemire* v. *American Bridge Co., supra,* p. 626; *Bassett* v. *Stratford Lumber Co.,* 105 Conn. 297, 301, 135 Atl. 574; and it accords with the spirit of the Act to construe this power as permitting the commissioner in a proper case to authorize the cessation of payments as of the time when incapacity actually ceased, though that has occurred before the application for modification was made.

Whether or not the facts of a particular case would justify the exercise of the power must largely rest in

the discretion of the commissioner. Orderly procedure and the desirability of definitely settling the rights of the parties would seem to require that, as soon as practicable after an employer or insurer has ascertained that incapacity has ceased, an application should be made for a modification of the award, and if such an application is delayed, relief should not as a matter of course be granted as of the date of the cessation of the incapacity, but only if, in view of the circumstances of the particular case, equity and justice can best be done in that way. We cannot anticipate what conclusion the commissioner would reach in the case now before us.

The respondents have argued before us a further contention, that the award should be modified so as to relieve them from paying compensation for the period during which the plaintiff refused surgical treatment, but it does not appear that any such claim was made to the commissioner or any relief sought in their motion upon such a basis. The matter is not before us upon the record.

The Superior Court is advised to sustain the appeal and return the case to the commissioner for further action in accordance with this opinion.

In this opinion the other judges concurred.