MARY MENGA, Claimant (Appellant)
vs.
SEAMLESS RUBBER CO., ET AL.

Superior Court      New Haven County      File #49248

Present:   Hon. EARNEST C. SIMPSON, Judge.

Woodruff, Klein & White,      Attorneys for the Appellant.

Thomas R. Robinson,      Attorney for the Appellees.

**MEMORANDUM FILED FEBRUARY 23, 1937.**

SIMPSON, J. Having read all the testimony in this case I can find no ground for correcting the Finding and Award in any material way. The finding so far as material is based in part upon medical testimony wherein all the medical experts agreed, and in part upon disputed testimony and will have to stand.

It appears from the Finding of the Commissioner and the voluntary agreement entered into between claimant and the respondents on June 28, 1929, that on May 15, 1929, the claimant, while in the employ of the respondent-employer, developed occupational dermatitis, described in the voluntary agreement as "Rash, both hands and face". The voluntary agreement provided for payment of $9.82 per week "during the period of incapacity", but not for longer than the period provided by law. Claimant was treated for her condition until the latter part of August, 1929, when she was cured and went back to work for the respondent-employer on September 11, 1929, and continued so working until January 11, 1930. Payments under the voluntary agreement ceased on September 11, 1929. On January 11, 1930, claimant quit her work. At this time she did not request or appear to require any medical attention because of any rash on her hands or arms or face, and never sought any treatment from the com-

pany doctor. Neither did she notify the respondents of any claimed disability until April, 1935, when at request of her counsel a hearing was instituted before the Commissioner for further compensation for the rash. The hearing was continued from time to time until August, 1935, when her counsel filed a "motion for ascertainment of amount due the claimant under agreement as to compensation." The question before the Commissioner was whether under the agreement there was any further compensation due the claimant.

The Commissioner further found that on June 3, 1935, and for at least a considerable number of months prior thereto, claimant suffered from a skin condition on both hands and forearms which was painful and annoying, and at times totally incapacitated her, but further found that the skin condition was not connected with her employment at the respondent-employer, and was not a continuation of the occupational disease covered by the voluntary agreement approved in this matter August 14, 1929.

The claimant's counsel now claims that notwithstanding the Commissioner's finding the claimant is entitled to the compensation as stated in the voluntary agreement until it was modified at the request of the respondents. This claim of law is based upon **Section 5247 of the General Statutes.** Under a similar statute the Supreme Court held in the case of **Morisi vs. Ansonia Manufacturing Company, 108 Conn. 31,** that when an application under this provision of the statute is made after the time when the increase or decrease or cessation of incapacity occurred, the Commissioner may in his discretion make his order of modification to take effect retroactively, but that an employer or insurer who delays application for modification after ascertaining that a change of incapacity has occurred is not entitled to retroactive relief as a matter of course, but in such instances the Commissioner should exercise his discretion in the manner most just and equitable under the circumstances of the particular case.

In the instant case it is found that respondents were not notified of any claim of claimant that her incapacity still existed or continued after September 11, 1929, nor after January 11, 1930, until claim was made by her attorney in April, 1935. It therefore appears that when the respondents first ascertained that there was a claim of continued incapacity the matter was then before the Commissioner. The instant

case seems therefore to come within the principles decided in the Morisi case.

While there is no specific finding by the Commissioner that there was no amount due the claimant under the voluntary agreement at the time of the hearing, the dismissal of the motion for the ascertainment of the amount due, necessarily implies a finding that there was nothing due.

In regard to rulings on evidence, it does not appear that claimant was injured thereby. The claimant's counsel has not pointed out just what rulings he relies upon as error, although the Court asked him to make his claims more specific by filing a written statement of his claims but he failed to do so. I have, however, been over all the testimony and rulings and find that certain rulings were subsequently cured, and that the others were harmless.

As to claimant's claim that the Commissioner showed prejudice and should have been disqualified himself, it appears that the Commissioner undoubtedly was irritated by counsel's method of asking hypothetical questions and objections after a ruling had been made thereon and which the Commissioner deemed caused unnecessary delay in the hearing, but there is nothing to indicate that the Commissioner was prejudiced against claimant.

The appeal is dismissed.