### MIKE ZOOMA'S CASE.

Sagadahoc. Opinion June 12, 1923.

*"Status" under the Workmen's Compensation Act as defined and determined in Fennessy's Case, 120 Maine, 251, as being the relation in which the claimant stands toward his employer at the time of the accident, but not comprehending the degree of disability, reaffirmed. An erroneous ruling by the Chairman of the Industrial Accident Commission, as a matter of law, is subject to appeal.*

This case shows an erroneous ruling as matter of law, that no evidence would be received which had a bearing upon the status of the party existing prior to the filing of the petition for review. It is the opinion of the court that the appeal should be sustained. The evidence offered was clearly admissible.

On appeal. An appeal from a decree affirming a decision of the Chairman of the Industrial Accident Commission. Claimant was injured on November 2, 1921, while in the employ of the Texas Steamship Company at Bath. The injury consisted of an inguinal hernia on the left side. An agreement was entered into providing for the payment of compensation of fifteen dollars per week during disability, beginning February 19, 1921, indefinite. On June 15, 1921, appellants, then petitioners, filed a petition for review, alleging that disability had ended. On July 15, 1921, a hearing at Bath was held on the petition and appellants sought to introduce evidence to prove that the disability had ended on April 30, preceding the date of the filing of the petition, which evidence was excluded by the Chairman of the Industrial Accident Commission as affecting the

"status" of the parties prior to the application for review. From which ruling appellants took an appeal. Appeal sustained. Decree of sitting Justice reversed.

The case is sufficiently stated in the opinion.

*Robert M. Pennell*, for appellants.

*Arthur J. Dunton*, for appellee.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J., concurring in the result.

WILSON, J., dissenting. SPEAR, J., concurring in the dissenting opinion.

HANSON, J. This is an appeal from the decree of a single Justice affirming the decision of the Chairman of the Industrial Accident Commission in accordance with Sec. 34 of Chap. 238, Public Laws of 1919, amending Chap. 50 of R. S., 1916.

The plaintiff was injured on November 2, 1920, while in the employ of the Texas Steamship Company at Bath, Maine. The usual agreement was entered into providing for the payment of compensation at the rate of fifteen dollars per week during disability, beginning February 19, 1921, indefinite.

This agreement was dated March 24th, 1921, but was not signed by the plaintiff until June 6th, 1921. Compensation was paid from February 19th, 1921, to April 30th, 1921, the period during which defendants claim the plaintiff was actually suffering the disability due to the injury.

A petition for review of agreement was filed June 15th, 1921, by the defendants, alleging that disability had ended.

On July 15th, 1921, a hearing was held at Bath, at which hearing an agreed statement of facts was entered into by the parties, which was made a part of the record of the case. It appears by the agreed statement, "that Mr. Pennell, attorney for defendants, claimed to be prepared to offer evidence to the effect that the disability, due to the accident, had ended on April 30th, 1921. This evidence was excluded by the Chairman of the Industrial Accident Commission

because of the fact that the injured employee claims compensation up to the date on which the petition was filed, therefore the status of the parties was in question."

The decision of the Chairman of the Industrial Accident Commission ordered compensation stopped as of June 15th, the date of the filing of the petition for review of agreement.

The defendants claimed that the compensation should have been ended as of April 30th, and were prepared to offer evidence to prove that plaintiff had recovered as of April 30th, 1921.

The decision of the Chairman of the Industrial Accident Commission concludes as follows: "A hearing was held at Bath on July 15th, 1921, at which place the parties in interest duly appeared. It is found as a matter of fact that the incapacity caused by the injury to Mr. Zooma had ended on the 15th day of June, 1921. The petition to stop compensation is therefore granted. Compensation ordered ended June 15th, 1921."

From the agreed statement, which is signed by the Chairman, it appears that the ground for appeal, which right was reserved in the agreed facts, was to be "that the Chairman ruled that no evidence would be received which had a bearing upon the status of the party existing prior to the date of the filing of the petition for review, to wit, June 15th, 1921."

The parties appeared, but no testimony was introduced. The only evidence offered was excluded. The agreed statement was made, not for the purposes of the case before the Commission, but as the means by which the reasons for the appeal by the defendants, and the reasons for the decision of the Chairman should be brought before the court.

The case, therefore, shows an erroneous ruling as matter of law, that no evidence would be received which had a bearing upon the status of the party existing prior to the filing of the petition for review. It is the opinion of the court that the appeal should be sustained. The evidence offered was clearly admissible.

The questions raised have been recently decided in *Fennessy's Case*, 120 Maine, 251; 113 Atl., 302. The law of that case is decisive and controlling in the instant case. "Status," as that case holds, derivatively relates to relationship. And, as used in the statute, the word means the relation in which an injured person stands toward him who was his employer at the time of the accident. "At

any time before the expiration of two years from the date of the approval of an agreement by the commissioner, or the entry of a decree fixing compensation, and before the expiration of the period for which compensation has been fixed by such agreement or decree, any agreement, award, findings or decree may be from time to time reviewed . . . . upon the application of either party, upon the grounds that the incapacity of the injured employee has *subsequently* ended, increased or diminished." 1919 Laws, Chapter 238. The adverb "subsequently," underlined in quotation in this opinion merely that the reader may more readily observe its controlling position, is the telling word.

Upon the application of either party there may be a review in reference to whether the incapacity of the injured employee has ended, increased or diminished subsequently to the agreement, award, findings or decree. Whether there still be incapacity, or, if yes, whether subsequently to the agreement, the award, the findings or the decree, it has increased or diminished, are the only propositions open on the review. If incapacity is ended compensation may be discontinued. Or compensation may be increased or diminished, as the facts may show, "from the date of the application for review," or such other order may be made "as the justice of the case may require." But, by way of added emphasis, there shall be "no change of the status existing prior to the application for review." That is, there shall be no change in the relationship between the parties, as that status was fixed by the agreement, the award, the findings or the decree, "prior to the application for review." The matters, important in primary determination, of whether the one person was the employee of the other; whether that other was an assenting employer; whether the employee sustained an industrial hurt under circumstances entitling him to compensation, i. e., the right of the employee to receive compensation, and the time from which the compensation must be paid, and the related details respecting all that was done and transpired, "prior to the application for review," are of unquestionable finality. The increase, the diminution or the discontinuance of compensation is to be from the date of the application for review, or, in significant disjunctive clause, "as the justice of the case may require." It is the spirit and the purpose of a statute which are to be regarded in its interpretation. And a reasonable construction

should be adopted in all cases where there is a doubt or uncertainty in regard to the intention of the lawmakers.  *Fennessy's Case,* supra.

*Appeal sustained.*
*Decree of sitting Justice reversed.*

Dissent.

WILSON, J.   We are unable to concur in the conclusions drawn in the opinion, and since in effect they appear to us to void express prohibitions of the Legislature contained in Section 36 of the Compensation Act, and must materially affect future proceedings under this section, we are constrained to express our views in dissent.

The section under consideration relates to the review of agreements and awards already made and provides:  "Any agreement, award, finding or decree may from time to time be reviewed  .  .  .  . upon the grounds that the incapacity of the injured employee has subsequently ended, increased or diminished."

No other proceeding in the form of review, as it is denominated, of an agreement entered into or an award made under Sections 30-35 is authorized by the Act, and this proceeding is authorized only *upon the grounds* that the incapacity of the injured employee subsequent to his entering into an agreement or to the award of one of the judicial members of the Commission, has "ended, increased or diminished."   Clearly, we think, no other questions are open upon review under this section, except the extent of the employee's disability and whether it has increased, diminished or ended subsequent to date of the agreement or award.   This the opinion seems to admit.

Ordinarily proceedings for a review of a judgment reopen the entire matter determined by the judgment, and permit its reversal in whole or in part.   Such obviously was not the intent of the Legislature in authorizing the proceedings for review under Section 36.   Review under this section must be strictly confined within the limits therein prescribed.

As stated above, and the opinion admits, the only questions open to review under Section 36 are:  "Whether there still be incapacity; if yes, whether subsequently to the agreement the award, the findings, or decree, it has increased or diminished."   The authority of the judicial members of the Commission upon review is also expressly limited in that they may only discontinue, increase or diminish the

compensation from the date of the application for review, or make such other orders as the justice of the case may require, but no change shall be ordered in the status existing prior to the application for review.

Having first specifically provided that the judicial members of the Commission on review may discontinue, increase or diminish compensation from the date of the application for review, general authority is then given to make such other orders as justice may require: i. e. compensation may be ordered discontinued, increased or diminished not only from the date of the application for review, but from the time of the hearing thereon, or from any time between these dates if justice so required; or be diminished from the date of the application, and discontinued from a later date; or if a change in the degree of disability was shown, under such general authority an indefinite agreement may be made definite in its duration, or *vice versa* or any other order be made as to the future, that justice may require; but in no event shall any change be ordered in the status existing prior to the application for review. Except for this limitation upon the general authority, no doubt compensation, as contended in the opinion, might be ordered discontinued from any time prior to the application for review.

The opinion suggests that this last clause of limitation was added by way of emphasis only. We think it was clearly intended as a limitation upon the apparent general authority given in the clause immediately preceding, and that from the whole context of Section 36,—the limitation of the grounds of review and the clauses expressly limiting the authority of the Chairman and Associate legal member, it was clearly the purpose and intent of the Legislature that the judicial members of the Commission should have no authority to make any order on review affecting the rights of the injured employee to compensation prior to the date of the application for review.

The limitation prohibiting any change in the status existing prior to the application for review could by no process of reasoning apply to the first grant of power,—to discontinue, increase or diminish the compensation; because this is expressly limited to apply from the date of the application for review and, of course, could in no way affect any prior existing status. It can, therefore, only apply to the general authority to make "such other order as justice may require."

The opinion holds that such limitation prohibiting any change in the "status existing prior to the application for review" has nothing to do with the employee's incapacity and right to compensation, and, therefore, in this case, evidence to show that the plaintiff's incapacity had ceased a month and a half prior to the date of the application for review should have been received, in order that the Chairman, if he found such to be the fact, and justice required, might have ordered compensation to cease as of April 30th, instead of June 14th, the date of the application for review.

We are unable, however, to accept the definition of the word status as outlined in the opinion. As the word is used in Section 36, the degree of incapacity agreed upon in any agreement or determined upon in any award is, we think, clearly a part of the status existing when a review of such agreement or award is sought under this section.

In the first place, as has already been pointed out, the only ground of review is an alleged change in the incapacity of the injured employee. No question as to whether the employer was under the Act, or the injury was a compensable one or the right of the employee to compensation when the agreement or award was made is open upon a petition for review.

To say, therefore, that the "status" as used in this section of the Act only applies to the conditions last named, upon which the right to compensation primarily depends, and does not include the degree of the incapacity of the injured employee as fixed by the agreement or award is to render the clause now under consideration without any force or effect, since no review can be had of any agreement or award as to those matters which the opinion describes as essential to the primary determination of the injured employee's right to compensation. As the opinion states the determination of these matters by agreement or award are final, since they are not open to question on review.

From the very limitation of the grounds of review alone, therefore, it is, we think, clear that the word "status," as used in Section 36, includes not only the conditions above named as essential to the injured employee's right to compensation in the first instance and the basis of every agreement or award, but also the degree of incapacity thereby determined to exist.

Neither derivatively or according to the lexicographers does "status" relate to, or denote, mere relationship, nor are we able to subscribe to the definition that it is "relations in which the injured person stands toward him who was his employer at the time of the accident." It is rather the existence of those conditions essential to the right of the injured employee to receive compensation, including the extent or degree of his disability, as determined and fixed by any agreement, award, finding or decree.

Derivatively "status" means in law a state or condition as fixed by some law, custom or judgment of court, from which state or condition certain rights flow. It may include or imply certain relations or mutual and reciprocal obligations between parties, as the marriage status, the status of citizenship, the status of parent and child, but it is something more than mere relation. When certain relations between parties have been determined or have been fixed by some law, custom or decree of court, then a certain status may be said to exist.

Webster defines "status," as,—"state, condition, position of affairs"; Bouvier, as,—"The condition of persons." In a frequently-cited case as defining this term, the court says: "But the very meaning of the word 'status,' both derivatively and as used in legal proceedings, forbids that it should be applied to mere relations. 'Status' implies relations undoubtedly, but it is not a mere realtion." *De La Montanya* v. *De La Montanya*, 112 Cal., 101, 115; 32 L. R. A., 82, 87. Also see "Status," Words and Phrases.

So when the standing of employer and employee with respect to the Compensation Act have been fixed by an agreement or award, and it has been thus established that the employer was an assenting employer, that the injured employee was a regular employee, that he received an injury from accident arising out of and in the course of his employment, or in other words a compensable injury, and that by reason of such injury he has become totally or partially incapacitated and the degree of his partial incapacity has been determined, the status of the injured employee and his employer has been fixed, which status, once fixed, determines the rights on the one side and the reciprocal obligations on the other. The fixing of the degree of incapacity by an agreement or award is as much a part of the conditions essential to the injured employee's right to compensation as whether the injury he suffered is a compensable one; or in other

words, is as much a part of the status, which cannot be changed on review under Section 36 prior to the application for review, as the finding that his employer was an assenting employer or that he was a regular and not a casual employee.

The opinion seems to include in the prior "status" the "right of the employee to receive compensation," also "the time from which compensation must be paid" and the "related details" and holds the findings by an agreement or decree as to these matters to be of "unquestionable finality." But is not the degree of incapacity, at least, a "related detail" to his right to receive compensation? If there is no disability and consequent incapacity to earn, there can be no compensation, and the amount of compensation is always determined by the extent of the resulting incapacity.

The purpose of these provisions was, no doubt, to compel each party to be vigilant in protecting his rights and make each occasion for any change in any existing agreement or award a matter of record before such change became effective, and then only from the date of the filing, and becoming a part of the records of the Commission, of an application for review.

Finally the opinion bases its conclusions upon *Fennessy's Case*, 120 Maine, 251, as controlling upon the facts in this case at bar. Although joining in the opinion in *Fennessy's Case*, further consideration of its language, when applied to facts in the instant case, leads us now to conclude that it went too far; and without determining whether upon the facts it can now be differentiated from the case before us, at least, any extension of the doctrines therein laid down as controlling on the facts in this case is either unwarranted, or if warranted, such doctrines should be overruled.

The only grounds for the appeal in this case are those stated in what purports to be an agreed statement prepared by the Chairman of the Commission, in which he says that it is mutually agreed between the parties, among other things, that the ground of the appeal is that the Chairman "ruled that no evidence would be received which had a bearing upon the status of the party existing prior to the date of the petition." This ruling, inadvertently, no doubt, the opinion holds to be erroneous and upon this ground sustains the appeal.

This ruling, as stated in the agreed statement, and in the opinion, is clearly correct, even from the viewpoint of the opinion; inasmuch

as it is not contended that any change in the status existing prior to the application for review can be made even under the general authority by which the Chairman may make any order "justice requires." Hence to exclude evidence "bearing on the status of the party existing prior to the date of application for review" could in no way prejudice the plaintiff, since his prior status could in no event by any order of the Chairman be changed.

But this would be too narrow a view on which to decide this case, nor was the above ruling made the basis of the appeal, as the record shows. The agreement further added that the plaintiff's counsel claimed to be prepared to offer evidence to the effect that the disability of the plaintiff ceased on April 30th, 1921, and this evidence was excluded "because the plaintiff claimed compensation up to the date of the application for review and, therefore, the status of the parties was in question."

It is this ruling on which the appeal is based, and which the opinion in effect holds to be erroneous, on the ground that the degree of incapacity fixed by the agreement was not a part of the status.

True, even if it was a part of the status, the evidence would ordinarily be admissible as bearing upon the question of whether the incapacity of the employee had ceased, increased or diminished subsequent to the agreement or award, though any change in the compensation must begin from the date of the application for review. In the case at bar, however, since it is admitted by the plaintiff that his incapacity had wholly ceased on the date of the petition for review, the defendant was in no way prejudiced by the ruling excluding the evidence, and the appeal should be dismissed.