PAUL G. WALTZ, APPELLANT
*vs.*
BOSTON & ROCKLAND TRANSPORTATION COMPANY
AND
TRAVELERS INSURANCE COMPANY

Knox.　Opinion, August 5, 1965.

*David A. Nichols,* for Appellant.

*Mitchell & Ballou,* for Appellees.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, MARDEN, RUDMAN, JJ.

WILLIAMSON, C. J.  This Workmen's Compensation case is before us on appeal by the employee from a *pro forma* decree in the Superior Court affirming the decision of the Industrial Accident Commission reducing compensation.

In June, 1962, the employer and employee entered into an agreement approved by the Commissioner of Labor and Industry for weekly payments of compensation for total incapacity beginning in May, 1962.  The employer and its insurance carrier (sometimes referred to as appellees) on March 27, 1964 filed with the Commission a petition dated March 26, 1964 for review of incapacity.

The appellees alleged "That since said Agreement was made the incapacity for which the employee is being compensated has ended.  Pending hearing on this Petition, compensation was suspended on 9-5-63."

The petition was heard in October and on December 1, 1964 a final decision was entered that the employee was entitled to reduced compensation for partial incapacity to work for stated periods at differing rates from September 4, 1963 to the date of hearing on October 20, 1964, and thereafter.  The evidence supports the finding of partial, and not total, incapacity from date of the suspension of compensation payments.

No agreement between the employer and employee for reduction of compensation has been reached and no certificate has been filed under the provisions of the Workmen's Compensation Act set forth below.

There are two issues of importance before us:

First — Did the Commissioner have jurisdiction to hear the petition for review?

Second — If so, did the Commissioner have authority to decrease compensation for periods prior to the final decision?

The pertinent provision of the Workmen's Compensation Act reads:

"While compensation is being paid [or vocational rehabilitation is being provided] under any agreement, award or decree, the incapacity of the injured employee due to the injury, [the need or progress of the vocational rehabilitation] may from time to time be reviewed by a single commissioner upon the petition of either party upon the grounds that such incapacity has subsequently increased, diminished or ended [or that the need of the continuation of vocational rehabilitation has ended.] [*Pending a hearing and final decision upon such petition for review, and except in such cases as the employer and employee may reach a new agreement under section 32, the payment of compensation shall not be decreased or suspended unless and until a certificate of the employer or his insurance carrier is filed with the commission stating that the employee has left the State or that his present whereabouts are unknown, or that he has resumed work, or that he has refused to submit to a medical examination, or unless a certificate of a physician or surgeon is filed with the commission stating that in his opinion from a current examination the employee is able to resume work.*] Upon such review the commissioner may increase, diminish or discontinue such compensation [or vocational rehabilitation] in accordance with the facts, as the justice of the case may require."

R. S., 1954, c. 31, § 38; 1961, c. 290; c. 384, § 8; c. 417, § 91 (now 39 M. R. S. A., § 100; see also 1965, c. 408, § 10). The 1961 changes are enclosed in brackets with the parts with which we are directly concerned emphasized.

The words of the statute are plain. There shall be no decrease or suspension of compensation pending hearing and final decision unless within the exception or upon the conditions noted. It necessarily follows that there shall be no decrease or suspension of compensation prior to the fil-

ing of the petition for review. To permit suspension as here prior to filing for review, and to deny suspension thereafter would be patently absurd. There is no suggestion that the employer on a petition for review could recover payments previously made to the employee in accordance with an outstanding decree or agreement either directly or indirectly by charge against payments ordered for the future.

The 1961 amendment was designed to make certain and definite the limitations upon the decrease or suspension of compensation payments prior to a final decision on review of incapacity.

Under our construction of the statute, as the appellees assert, an employee may gain more than compensation for loss of earning power. The employee in the case at bar has had earnings from employment during the period for which he remains entitled to compensation for total incapacity.

The appellees argue that in light of the basic purpose of the Workmen's Compensation Act, such a result is unjust and inconceivable, and therefore was not intended by the Legislature.

> "The basic purpose of the Workmen's Compensation Act is to provide compensation for loss of earning capacity from actual or legally presumed incapacity to work arising from accidents in industry. *Fennessey's Case,* 120 Me. 251, 113 A. 302." *Cook* v. *Colby College, et al.,* 155 Me. 306, 310, 154 A. (2nd) 169.

The flat rejection of the 1961 amendment called for by the appellees — for that is where the argument leads — is not compelled by the result so graphically but not in our view accurately characterized by them. The Legislature had the authority without question to limit the review of incapacity and to surround the exercise of the process by conditions designed to protect the employee. *Conners Case,*

121 Me. 37, 115 A. 520. The Legislature may properly have weighed the harm to an injured employee from the decrease or suspension of weekly payments against the harm to an employer or insurance carrier from payments beyond the period of incapacity to the moment of decision.

The employer and insurance carrier when a review of incapacity is indicated may on meeting well-defined conditions gain the benefits of a decrease or suspension of compensation to protect against the continuance of overpayments measured by incapacity later determined.

In the instant case the employer in September, 1963, subsequently alleging incapacity had then ended, suspended the weekly compensation payments. Fourteen months later the Commissioner found the employer was in error and that the employee during the period was partially incapacitated.

If the employer had filed a petition for review with the proper certificate in September 1963, the Commissioner in his final decision would have been authorized under the statute to adjust compensation from the date of filing in accordance with the fact of incapacity. The failure of the employer to comply with the statute is not a sufficient ground to cry injustice in the result. The possibility of loss to the employer from inability to decrease or suspend compensation pending final decision on review is small indeed if the statute is followed.

The appellees cite *Fennessey's Case,* 120 Me. 251, 113 A. 302, and *Zooma's Case,* 123 Me. 36, 121 A. 232, to support their position that "the justice of the case" required the decision of the Commissioner. The cases were decided in 1921 and 1923 under a statute widely differing from that now under consideration, and are not here controlling.

In *Fennessey, supra,* compensation was terminated from the date of filing the petition for review rather than relating back to the date incapacity admittedly ceased, and in

*Zooma, supra,* the Commissioner excluded evidence of termination of incapacity prior to filing of the petition. In each instance the appeal was sustained.

The statute read in part:

> **"Sec. 36. Agreement, award, findings, or decree may from time to time be reviewed.** At any time before the expiration of two years from the date of the approval of an agreement by the commissioner, or the entry of a decree fixing compensation, but not afterwards, and before the expiration of the period for which compensation has been fixed by such agreement or decree, but not afterwards, any agreement, award, findings or decree may be from time to time reviewed by the chairman of said commission upon the application of either party, after due notice to the other party, upon the ground that the incapacity of the injured employee has subsequently ended, increased or diminished. Upon such review the said chairman may increase, diminish, or discontinue the compensation from the date of the application for review, in accordance with the facts, or make such other order as the justice of the case may require, but shall order no change of the status existing prior to the application for review." R. S., 1916, c. 50, § 36 (enacted in our first Workmen's Compensation Act, Laws 1915, c. 295, § 36).

The court in each case held that the clause "as the justice of the case may require" permitted the reduction of compensation prior to the application for review, and that the "status" clause did not operate to prohibit the result.

The present statute stems from the revision of the Workmen's Compensation Act in 1929.

> **"Sec. 37. Petition for review of incapacity; for further compensation.**
>
> "While compensation is being paid under any agreement, award or decree, the incapacity of the in-

jured employee due to the injury may from time to time be reviewed by a single commissioner upon the petition of either party upon the grounds that such incapacity has subsequently increased, diminished or ended. Upon such review the commissioner may increase, diminish or discontinue such compensation in accordance with the facts, as the justice of the case may require. . ." Laws 1929, c. 300.

"While compensation is being paid" replaced the time limitations of the earlier statute and the "status" clause was dropped. The statute remained unchanged from 1929 to the 1961 amendment. During this long period issues relating to unilateral decrease or suspension of compensation and to reduced awards reflecting changes in incapacity prior to filing of a petition for review or to final decree did not come before our court for decision.

In *Gooldrup* v. *Scott Paper Co., et al.,* 154 Me. 1, 140 A. (2nd) 765, we upheld the decision that compensation was properly suspended on June 29, 1956. No point was made that the petition was dated July 6, filed July 9, 1956, and decision was made on June 17, 1957.

In *Brouillette* v. *Weymouth Shoe Co., et al.,* 157 Me. 143, 170 A. (2nd) 412, we find suspension of compensation September 10, 1959; petition dated September 28; filed September 29; heard November 19; with decision on January 12, 1960, allowing compensation to September 26, 1959. Again the issues before us were not suggested to the court.

The "while compensation is being paid" clause was referred to in *Rowe* v. *Keyes Fibre Co.,* 152 Me. 317, 320, 129 A. (2nd) 210, prior to the 1961 amendment. No change in the construction of Section 38 was brought about by the case. The statute was expressly stated not to be applicable; and the effectiveness of a retroactive decree on a petition for review was not in issue. See also *St. Pierre's Case,* 142 Me. 145, 48 A. (2nd) 635.

We mention the cases above to show the construction apparently given to the statute then existing. The 1961 Legislature had a purpose in amending the statute and expressed its purpose in plain language, as we have said. The law of *Fennessey* and *Zooma* and the practice in *Gooldrup* and *Brouillette* no longer govern the parties and the Commission.

For arguments to the contrary see *Kent General Hospital* v. *Blanco,* Del. 195 A. (2nd) 553. On review in general see Anno.: Workmen's Compensation — Review 165 A. L. R. 9, with comment on Maine cases at 64 and 447.

We deem it unnecessary to consider appellant's contention that he was deprived of a vested contractual right by the Commissioner in violation of the State and Federal Constitutions. The issue was not raised below and we do not consider it to be before us.

In the appellees' brief, while they expressly "do not rely upon the point," they nevertheless question whether the appellant, lacking designation of record and statement of points of appeal, is properly before us. See Rule 75, M. R. C. P. The record is complete; the issue hereinbefore discussed was clearly before the Commissioner; and the appellees did not object below. Under the circumstances we see no advantage in remanding the case for correction of the record.

Lastly, the appellant argues, to quote from his brief:

> "An employer cannot be heard on petition for review of incapacity if prior thereto, and contrary to statute, the employer discontinued payment of compensation under an approved agreement."

In other words he contends that under the circumstances the Commissioner was without authority to review incapacity and hence the decree thereon is a nullity.

Under familiar principles the jurisdiction of the Commissioner is always open for consideration of the court. *Girouard's Case*, 145 Me. 62, 71 A. (2nd) 682. That the point was not raised before does not bar us from inquiry and decision.

We do not find language in Section 38, to compel such a drastic result. The argument is appealing that compliance by the employer by meeting compensation payments before relief is available to him is a salutory means of enforcing the Act. See *Olbrys* v. *Chicago Bridge & Iron Co.*, 89 R. I. 187, 151 A. (2nd) 684, 687; *Carpenter* v. *Globe Indem. Co.*, 65 R. I. 194, 14 A. (2nd) 235, 129 A. L. R. 410; *Morisi* v. *Ansonia Mfg. Co.*, Conn., 142 A. 393; 101 *C. J. S. Workmen's Compensation*, pp. 857.

Under our statute remedies in the courts, including contempt proceedings, are open for recovery of overdue compensation payments. R. S., 1954, c. 31, § 42; 1961, c. 317, § 67 (now 39 M. R. S. A., § 104).

The construction which we have placed upon Section 38 foreshadows our view of the jurisdictional question. Until 1961 in good faith the employer may have suspended compensation. Since the amendment good faith requires payment until final decision unless the statutory conditions are met.

In the absence of a provision of statute spelling out the effect of suspension in whole or in part upon the right of the employer to seek review or the right of the Commissioner to consider and act on a petition, we are not prepared to say that the Legislature intended to deny an employer in arrears access to the Commission on a petition to review incapacity.

We conclude that the appellant is entitled to compensation under the 1962 approved agreement for total incapacity

until the final decision on December 1, 1964 and thereafter to the compensation ordered for the future.

The entry will be

>*Appeal sustained. Remanded to Industrial Accident Commission for further proceedings not inconsistent herewith.*
>
>*Ordered that an allowance of $350 to cover fees and expenses of counsel plus cost of the record be paid by the employer to the employee.*