Doris **RECTOR**

v.

**F. J. O'HARA & SONS, INC.** a/o Great American Insurance Co.

Supreme Judicial Court of Maine.

Aug. 29, 1966.

David A. Nichols, Camden, for appellee.

Robinson, Richardson & Leddy, by Clement F. Richardson, Portland, for appellants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

WILLIAMSON, Chief Justice.

The Industrial Accident Commission dismissed for lack of jurisdiction the petition of the employer and insurance carrier to review the employee's incapacity. The petitioners appeal from the pro forma decree of the Superior Court sustaining the action of the Commission.

Under an agreement approved by the Commission, the employee became entitled to "$22.93 per week during present period of temporary total incapacity beginning 8/6/63 * * *" On April 3, 1964 the petitioners filed the petition to review incapacity, alleging that the incapacity had diminished or ended and that "Pending hearing on this Petition, compensation was suspended on March 16, 1964." At the

same time the petitioners filed what they stoutly assert to be a certificate of a physician or surgeon sufficient to permit the suspension of compensation under the statute then in force.[1]

After the close of hearings extending from June 1964 to March 1965, counsel for the employee in April 1965 by letter to the Commission sought dismissal of the petition "for the reason they [the petitioners] were in default under the approved agreement at the time they filed their petition, and they remain in default thereunder," and further, that the required certificate had not been filed.

In July 1965 in dismissing the petition, the Commission pointed out that in May 1965 counsel for the petitioners had been informed "that the only 'certificate' of a physician or surgeon is a photostatic copy of an unsigned report of J. Edward Flynn, M.D. to Dr. William Ward," and of the issues on jurisdiction raised in the April letter. The order of dismissal was expressly based on the reasons stated therein.

■ There can be no objection to the consideration by the Commission of jurisdiction after hearing and before decision. Without jurisdiction, a decision would have been as nothing. Waltz v. Boston & Rockland Trans. Co. et al., 161 Me. 359, 368, 212 A.2d 431.

The position of the Commission may be stated in these words: (1) compensation having been suspended without compliance with the statute, the Commission had no jurisdiction to hear and decide the petition to review incapacity; (2) the unsigned report was not the "certificate" required under the statute, and hence the petitioners were not in compliance with the statute; (3) therefore the petition was properly dismissed for lack of jurisdiction.

■ A "certificate" in common meaning is a declaration in writing of and signed by the person asserting the truth thereof. Ticonic Bank v. Stackpole, 41 Me. 302; Nowell v. Mayor and Council of Monroe, 177 Ga. 648, 171 S.E. 136; 14 C.J.S. Certificate p. 111; 6A Words and Phrases Certificate p. 53.

The importance of the certificate under the statute is obvious. Decrease or suspension of compensation "pending a hearing and final decision" rests upon it. In the event the opinion of the physician or surgeon is not borne out by evidence at hearing, the employee may have been caused substantial hardship for a considerable period of time. The certificate, that is to say the opinion of the physician or surgeon, is evidence sufficient without

1. *"Petition for review of incapacity*
While compensation is being paid or vocational rehabilitation is being provided under any agreement, award or decree, the incapacity of the injured employee due to the injury, the need or progress of the vocational rehabilitation may from time to time be reviewed by a single commissioner upon the petition of either party upon the grounds that such incapacity has subsequently increased, diminished or ended or that the need of the continuation of vocational rehabilitation has ended. Pending a hearing and final decision upon such petition for review, and except in such cases as the employer and employee may reach a new agreement under section 32, the payment of compensation shall not be deceased or suspended unless and until a certificate of the employer or his insurance carrier is filed with the commission stating that the employee has left the state or that his present whereabouts are unknown, or that he has resumed work, or that he has refused to submit to a medical examination, or unless a certificate of a physician or surgeon is filed with the commission stating that in his opinion from a current examination the employee is able to resume work. Upon such review the commissioner may increase, diminish or discontinue such compensation or vocational rehabilitation in accordance with the facts, as the justice of the case may require." R.S.1954, c. 31, § 38; 1961, c. 290; c. 384, § 8; c. 417, § 91; 39 M.R.S.A. § 100 (replaced by 1965, c. 408, § 10).

hearing or decision to alter the relationship between the parties.

 The petitioners cannot escape the fact that the medical report filed was not authenticated by the signature of Dr. Flynn. Without such authentication we are fully satisfied the report was not a "certificate" within the meaning and intent of the statute. The Commission was correct in so holding.

The Commission erred, however, in dismissing the petition for lack of jurisdiction. In *Waltz,* supra, decided August 5, 1965, a few days after the decision under consideration, we held that the Commission had jurisdiction to hear and decide as here a petition for review, although compensation had been suspended without compliance with the statute, with the decision decreasing or ending compensation applicable only to the future.

It was therefore the duty of the Commission to determine the incapacity of the employee on the petition to review, and to decree compensation accordingly. This it failed to do.

The way is open to the petitioners now as in the past to decrease or suspend compensation on meeting requirements currently in force. For example, action today would be taken under 39 M.R.S.A. § 100, as enacted in 1965, c. 408, § 10.

In reaching this conclusion we express no opinion on the sufficiency of the contents of the purported certificate. Our decision rests on the ground that without the signature of the physician or surgeon there was no certificate.

The entry will be

Appeal sustained. Remanded to Industrial Accident Commission for further proceedings not inconsistent herewith.

Ordered that an allowance of $300 to cover fees and expenses of counsel be paid by the employer to the employee.