Orville OLSSON

v.

**W. H. HINMAN, INCORPORATED and John C. Paige Company.**

Supreme Judicial Court of Maine.

Feb. 5, 1970.

Morton A. Brody, Waterville, for plaintiff.

Mahoney, Desmond, Robinson & Mahoney, by Lawrence P. Mahoney, and William B. Mahoney, Portland, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

PER CURIAM.

This Workmen's Compensation case before us on appeal of the employer from a pro forma decree in the Superior Court, is plainly governed by Waltz v. Boston & Rockland Trans. Co., 161 Me. 359, 212 A.2d 431. Under an agreement between employer and employee, approved by the Commissioner of Labor and Industry, compensation was payable to the appellee employee at the rate of $59.81 per week "during present period of (total) incapacity beginning January 23, 1967, 19 , due to this injury." The employer filed a petition for review of incapacity dated June 25, 1968 stating therein that compensation was suspended on March 28, 1968.

The Commission in its decree, said:

"The Commission finds that the suspension on March 28, 1968 was improper since the required certificate was not filed until July 1, 1968. The Commission also finds that any loss of earnings sustained by the employee after he returned to work on March 29, 1968 is not due to the injury he received on January 16, 1967."

Payment of compensation to the employee was ordered at $59.81 per week from "the date of the improper suspension, to July 1, 1968 inclusive at which time compensation shall cease."

The Commission under 39 M.R.S.A., Section 100, as interpreted in *Waltz* was required to enter the decree. The pertinent statute and reasons for our view may be found in *Waltz*.

The employer seeks to overrule *Waltz*. This we are not disposed to do.

The entry will be:

Appeal denied.

Ordered that an allowance of $350 to cover fees and expenses of counsel be paid by the employer to the employee.