**Wilbur D. COTE**

v.

**CENTRAL TIRE COMPANY, Inc., and/or The Fidelity & Casualty Company.**

Supreme Judicial Court of Maine.

May 3, 1972.

decree of the Industrial Accident Commission must be denied as being without merit.

It is not in issue but that Wilbur Cote, appellee herein, received a compensable injury arising out of and occurring in the course of his employment.

Compensation was paid him on the basis of partial incapacity by agreement.

Ultimately, Cote's condition became such he was unable to do work of any kind. Of this the Commissioner became convinced and so found, using these words to describe his conclusion:

"Accordingly, we find as a fact that when employment was terminated on May 14, 1970, the respondent was totally incapacitated to work as a direct result of his injury of February 26, 1969."

The appellant premises his claim of reversible error on the part of the Commissioner on a small portion of the testimony of the physician who performed a spinal fusion on Cote following the injury.

To the question: "Did you have an opinion as of the 30th of March as to the percentage of incapacity—disability from doing the previous job?"

he replied:

"My general impression was from his discomfort and the nature of his work activity that he was probably some 20% impaired by continuing back complaints."

Robert G. Pelletier, Sanford, William W. Willard, Portland, for plaintiff.

The appellant overlooks that it developed on cross-examination that the physician had not seen the patient for some 10 months prior to the hearing.

Robinson, Richardson & Chapman, by James S. Kriger, Clement F. Richardson, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

That the physician himself doubted the December application of his March prognosis is revealed by this question and answer:

Question: "If the man felt in May of

PER CURIAM:

This appeal from the Pro Forma decree of a Superior Court Justice, sustaining a

1970 that he was unable to do any work that he had been doing in March and therefore hasn't worked since that

time, would you say the man should be re-evaluated to see what the problem is?"

Answer: "Yes definitely."

In his decree of January 28, 1971, the Commissioner said in part:

"The medical evidence leaves much to be desired in the way of evaluation of the respondent's inability to work. In a straight forward manner, Mr. Cote represented that he worked as long as he was able. We are convinced that the orthopedist's opinion of function at 20% of full capacity was based upon the employee's ability to do part-time work and not as a result of medical findings."

Simply stated, the Commissioner found as a fact the employee's description of his condition was accurate and the physician's opinion was inaccurate as of May 14, 1970.

▆▆▆ The nature and extent of the employee's disability is a question of fact upon which the finding of the Industrial Commissioner is final if there is any creditable, competent evidence to support it. White v. Monmouth Canning Co., Me., 228 A.2d 795 (1967). See also 39 M.R.S.A. § 99.

Appellant's reliance on Pelchat v. Portland Box Co., Inc., 155 Me. 226, 153 A.2d 615 (1959) is misplaced. Neither that case nor Levesque v. Shorey, Me., 286 A.2d 606 (1972) is applicable to the facts here presented.

Though neither appellant nor appellee raised the issue in their briefs, we note that the insurance carrier suspended compensation on June 14, 1970, shortly after it petitioned for review of incapacity.[1]

▆▆▆ This was called to the attention of the Commissioner at the hearing on December 22, 1970. At that time the attorney for the insurance carrier said:

"On the basis of what Doctor Godsoe says, I am ready to pay 20% partial from the date it was suspended to today and to continue."

The statute prohibiting suspension except under the conditions there described was enacted in 1961.

In 1965 in Waltz v. Boston & Rockland Transportation Co., Me., 212 A.2d 431 (1965), this Court said:

"The 1961 amendment was designed to make certain and definite the limitations upon the decrease or suspension of compensation payments prior to a final decision on review of incapacity."

Again in Olsson v. W. H. Hinman, Incorporated and John C. Paige Co., Me., 261 A.2d 862 (1970), we reaffirmed Waltz.

After more than 10 years it seems to us all members of the compensation insurance industry should be aware of the provisions of 39 M.R.S.A. § 100 and the limitations upon suspension of compensation payments found therein.

We note the Legislature failed to make provision for sanctions in the case of improper suspension of compensation payments. It did so apparently in reliance upon the good faith of the insurance carriers and assumed sanctions were unnecessary to cause the industry to comply with the clear and unequivocal mandate of the statute.

The entry will be,

Appeal denied. Ordered an allowance of $350.00 to cover fees and expenses of counsel to be paid by the employer to the employee.

1. The petition for review which was filed May 29, 1970, recites that compensation was not suspended.