**SKI–LAND WOOLEN MILL and American Universal Insurance Company**

v.

**Nelson L. COLE.**

Supreme Judicial Court of Maine.

July 12, 1972.

3. The Justice below did not have the benefit of our admonition in *White* since the case now before us was tried in 1970.

Eaton, Peabody, Bradford & Veague, by Thomas M. Brown, Bangor, for plaintiff.

Shiro & Jabar, by Burton G. Shiro, Waterville, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This is an appeal by Ski-Land Woolen Mill and American Universal Insurance Company from a pro forma decree confirming the decision of the Industrial Accident Commission.

We must decide whether the appellants have complied with the mandate of 39 M. R.S.A. § 100, which provides in pertinent part:

"Pending a hearing and *final decision* upon such petition for review, and except in such cases as the employer and employee may reach a new agreement under section 94, *the payment of compensation shall not be decreased or suspended unless and until a certificate of the employer or his insurance carrier is filed* with the commission stating that the employee has left the State for reasons other than returning to his permanent residence at the time of injury or that his present whereabouts are unknown, or that he has resumed work. . . ." (Emphasis supplied.)

The appellee *employee* was injured on November 19, 1970, and entered into an agreement with his employer for compensation as follows:

IT IS AGREED that compensation shall be paid at the rate of $61.44 per week during present period of total incapacity beginning November 27, 1970. . . ."

On a form dated January 22, 1971, entitled "Employer's Supplemental Report," Madeline M. Barrett, designating herself "Office Manager," signed on behalf of the employer a questionnaire which included these questions and answers:

"Has he returned to work for you? Yes. On what date? 1–18–71"

This document was not filed with the Commission until June 2, 1971. The appellant filed a petition for review of incapacity on June 8, 1971; hearing was had on July 7, 1971, and a decree was entered August 12, 1971. In the decree the Commission found that the employee, in fact, had returned to work on or about January 18, 1971, and that compensation was suspended on that date. The Commission ruled that the suspension of compensation was not in compliance with section 100 of the Act because "no certificate was filed with the Commission as required before said suspension period ended." The Commission ordered compensation for total incapacity to be paid from January 18, 1971, to August 12, 1971.

The appellants conceded that the suspension of compensation on January 18, 1971, was unlawful but they urge that the Commission was in error because it ordered full compensation to be paid to the date of the decree rather than terminating compensation on June 8, 1971, the date on which the petition for review of incapacity was filed. The propriety of the decree is the only issue before us.

We deny the appeal.

The rationale underlying the necessity for strict compliance with the provisions of the Workmen's Compensation Act has been considered by this Court. As was stated by Chief Justice Williamson in Waltz v. Boston & Rockland Transportation Co., et al. (1965), 161 Me. 359, 364, 212 A.2d 431, 434:

"The failure of the employer to comply with the statute is not a sufficient ground to cry injustice in the result.

The possibility of loss to the employer from inability to decrease or suspend compensation pending final decision on review is small indeed if the statute is followed."

In Olsson v. W. H. Hinman, Incorporated (Me.1970) 261 A.2d 862, our Court again held that the filing of a certificate under section 100 was mandated if compensation was to be properly suspended. Both *Waltz* and *Olsson* have recently been reaffirmed by our Court in Cote v. Central Tire Company (Me.1972) 290 A.2d 368.

■ It is clear to us that the answer given in the "Employer's Supplemental Report" is not a *certificate*. In Rector v. F. J. O'Hara & Sons, Inc. (Me.1966), 222 A.2d 243, an unsigned photocopy of a physician's statement, asserting that the incapacity of an injured employee had ended, was held not to be a compliance with the statute because it was not an authenticated statement, the Court defining a certificate as a "declaration in writing of and signed by the person asserting the truth thereof." Id. at 244. *See also* Kay-Vee Realty Company v. Town Clerk of Ludlow (1969), 355 Mass. 165, 243 N.E.2d 813, 815. The only distinction between *Rector* and the instant case is that here the "Report" is signed by someone purporting to be an "Office Manager." This form also contained the *unanswered* questions, "[i]s injured employee able to work?" and "[f]rom whom is above information obtained?" The statement bears no assertion of its truth or even that it is based on the personal knowledge of the person who signed it. In short, it is not a certificate as required by section 100.

■ The requirement of filing a certificate is a clear *limitation* upon the right to suspend compensation payments pending final decision on a petition for review. As we said in *Cote, supra*:

"After more than 10 years it seems to us all members of the compensation insurance industry should be aware of the

provisions of 39 M.R.S.A. § 100 and the limitations upon suspension of compensation payments found therein." (Emphasis added.) *Cote, supra*, 290 A.2d at 370.

Compensation was correctly ordered for total incapacity between January 18, 1971, and August 12, 1971, the date of the final decision on the petition by the Commission.

The entry is:

Appeal denied. Ordered an allowance of $350.00 for fees and expenses of counsel to be paid by the employer to the employee.

All Justices concurring.