Roy C. DAILEY

v.

PINECAP, INC., et al.

Supreme Judicial Court of Maine.

June 27, 1974.

Rocheleau & Fournier, P.A. by Paul C. Fournier, Lewiston, for plaintiff.

Preti & Flaherty by Frederick A. Johnson, Portland, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, ARCHIBALD and DELAHANTY, JJ.

DUFRESNE, Chief Justice.

On November 12, 1970 Roy C. Dailey, while employed by Pinecap, Inc. in putting sheet metal on a roof, slipped and fell to the ground, sustaining a compression fracture of the second lumbar vertebra with involvement affecting the left lower extremity. He was treated at the Veterans' Administration Hospital in Togus, Maine, where, following an operation, he was put in a body cast and discharged in late January, 1971. Pursuant to a Commission approved agreement under date of December 23, 1971, Dailey has been receiving compensation for total incapacity to work. 39 M.R.S.A., § 94.

The insurance carrier, New Hampshire Insurance Company, filed a petition for review of incapacity on August 3, 1972 under 39 M.R.S.A., § 100 which, after hearing, was decided in favor of Dailey on December 13, 1972. The pro forma decree incorporating the decision of the Industrial Accident Commission was signed by a Justice of the Superior Court on August 24, 1973 and the present appeal was taken from such Superior Court action. We deny the appeal.

We must bear in mind that on appeal from a decree of an Industrial Accident Commissioner his findings of fact are final if they are supported by competent evidence and reasonable inferences which may be drawn therefrom. 39 M.R.S.A., § 99; Soucy v. Fraser Paper, Limited, 1970, Me., 267 A.2d 919.

The Commission's approval of the parties' agreement for the payment of compensation for total disability on account of the employee's industrial accident was equivalent to a final adjudication of total incapacity for work as a result of the employment mishap. Soucy v. Fraser Paper, Limited, supra; Healey's Case, 1924, 124 Me. 54, 126 A. 21.

The employee's incapacity for work, following a Commission approved agreement to pay compensation for total disability, is deemed to continue until a final decision on review of incapacity, and compensation payments cannot be decreased or suspended prior thereto, except within exceptions or upon conditions specifically stated in 39 M.R.S.A., § 100 not pertinent to the instant case. Waltz v. Boston & Rockland Transportation Co., 1965, 161 Me. 359, 212 A.2d 431.

In compensation cases the moving party has the burden of proof, and, there-

fore, the employer or insurance carrier in this petition for review of incapacity must carry the burden of proving facts necessary to establish that the employee's incapacity for work has diminished or ended. Baker's Case, 1947, 143 Me. 103, 108, 55 A.2d 780, 782; Soucy v. Fraser Paper, Limited, supra.

The sole issue in this workmen's compensation appeal is whether there was competent evidence to support the Commissioner's finding of fact that Mr. Dailey, at the time of hearing, was still totally disabled as a result of the injury suffered November 12, 1970 and that his incapacity for work had not diminished as contended by the insurance carrier.

Dr. Robinson Bidwell, a neurosurgeon whose qualifications were conceded, was the sole medical witness to testify. He examined the employee and took into consideration the medical history and reports connected with the case. His examination disclosed that Dailey had a marked limp favoring the left leg; in his gait he would bring his left foot forward in a half circle movement. Although the post-operative midline lumbar scar was well healed, the doctor stated that there was still some flattening and muscle spasm in the lumbar lordosis. Forward bending was limited to forty-five degrees. Severe atrophy of musculature of the left leg was visually confirmed, as well as a marked diffuse weakness of that leg, especially with the flexion at the hip. Dailey had weak plantar flexion in the ankle, and essentially no dorsiflexion. The doctor admitted it was conceivable, as contended by Mr. Dailey, that in order to relieve his back pain, he had to lie down an hour every two or three hours, since his fracture dislocation with resultant malformation left him with an abnormal mechanical low back which could easily cause pain in that area.

Stating that the man had reached an end result, and expressly recognizing that he was never sure that determination of percentage of disability approaches any reasonable medical certainty, Dr. Bidwell testified that in his opinion Mr. Dailey was approximately 75% disabled and that his work capacity was reduced to very light bench-type work. He defined this work potential as bench work where the object upon which the labor was to be performed would be brought to him, there being no problem with his arms. The doctor added that Dailey was incapacitated for any work that required any lifting, walking or long standing.

Mr. Dailey, on the other hand, testified that he was experiencing pain in his leg around the clock, and that the pain in his back, although not so regular, was giving him considerable trouble. He must wear a brace on his leg and use a cane to move around, which he does with great difficulty. He described his daily routine as being in and out of bed approximately four or five times a day to relieve the pain in his back. Lying down on the bed for about an hour with his left leg elevated is the only cure to his discomfort. He indicated that he could not see how he could work through an eight hour schedule without lying down. He cannot read for any length of time.

Mr. Dailey was asked if he would be interested in some kind of vocational rehabilitation to learn something about some of the specialized type of auto mechanics. To this, he answered: "Well, if there is any way that I can see my way through that I can work and earn money enough to take care of my family, I would do most anything."

It is in this testimonial setting that the Commissioner felt that he could base his conclusion that compensation for total disability should be continued *"on the fact actually in evidence."*

■ The incapacity for work resulting from an injury is total under 39 M.R.S.A., § 54, when the employee is unable to perform any services at a gainful and suitable occupation, either because of his physical

inability to perform in a medical sense or by reason of the unavailability, in or near the community in which he lives, of the type of work commensurate with his limited capacity. Levesque v. Shorey, 1972, Me., 286 A.2d 606; Bolduc v. Pioneer Plastics Corporation, 1973, Me., 302 A.2d 577.

■ We must bear in mind, however, that total incapacity under our Workmen's Compensation Act does not necessarily mean that the injured workman is a complete invalid. He may be capable of doing trivial occasional work of small remunerative value and yet retain his totally disabled status in law. An employee that is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled. Levesque v. Shorey, supra; Bolduc v. Pioneer Plastics Corporation, supra.

Whether an employee is totally or partially incapacitated for work is a question of fact upon which the finding of the Commissioner is final, provided there is some credible competent evidence to support it. White v. Monmouth Canning Company, 1967, Me., 228 A.2d 795; Cote v. Central Tire Company, 1972, Me., 290 A.2d 368; Crosby v. Grandview Nursing Home, 1972, Me., 290 A.2d 375; Bolduc v. Pioneer Plastics Corporation, supra; Overlock v. Eastern Fine Paper, Inc., 1974, Me., 314 A.2d 56.

■ But his decisions on questions of fact must be guided by legal principles and will be set aside on appeal if based in any degree on misapprehension of undoubted facts. Bernier v. Coca-Cola Bottling Plants, Inc., 1969, Me., 250 A.2d 820.

A decree of the Industrial Accident Commissioner which is not supported by competent evidence or which is based on a misapprehension of the facts or which is due to the Commissioner's disregard of competent and probative evidence is erroneous as a matter of law and will be reversed on appeal. Crosby v. Grandview Nursing Home, supra.

The total picture presented to the Commissioner on this record was that of a man who has sustained a serious low back injury which has incapacitated him for any work at all since the date of the accident in 1970. It is undisputed that all heavy lifting and strenuous work is and will be beyond his ability to do. He is shown to be experiencing constant pain in his leg and intermittent distress from his back. He has very limited mobility, suffering additional back pain upon prolonged walking, sitting or standing, with relief afforded him only through one-hour rest periods four or five times daily taken lying down in bed with his left leg elevated. He manifested a desire to do "most anything" to get back to earning money again to support his family.

■ The Commissioner was not required to accept the medical evaluation in whole. See, Bradbury v. General Foods Corporation, 1966, Me., 218 A.2d 673. He had the right and the duty to weigh it in the light of the record in its totality, taking into consideration the seriousness of the employee's injury, his obvious physical difficulties, his candid appearance as a witness, his sincerity in his expressed desire to return to work if that were possible and the manifest absence of any labor market for the limited services he could render. That the Commissioner rejected the doctor's opinion that Mr. Dailey had a twenty-five percent capability for work is obvious. This factual determination is binding upon us.

We cannot say that the Commissioner could not properly conclude on the basis of all the evidence that Mr. Dailey was totally incapacitated for work and that the insurance carrier had failed to carry its burden to establish that the employee's incapacity for work had diminished from its previous character of total disablement.

The facts in the instant case are distinguishable from those in Pelchat v. Portland Box Co., 1959, 155 Me. 226, 153 A.2d 615. In *Pelchat*, the "light work", as illustrated by the medical witnesses, was said to reasonably connote "any type of work requiring mental or physical activity or both so long as the work did not involve the climbing of ladders, frequent or constant walking ' on rough ground, or the pushing, pulling or lifting of heavy loads," and was looked upon as broad enough in scope to include many types of work "ordinarily available" in any community. In contrast to the light work capability in *Pelchat*, the light work Dr. Bidwell claimed Dailey would be able to perform was bench work which would keep the employee in a sitting position at all times, the work material being fed to him by others. Furthermore, in *Pelchat* the Court stated that the Commission may properly consider the willingness of an employee to return to work, which was not present in that case. The Commissioner in this case could consider Dailey's cooperation at all times and his express desire to re-enter the labor market if that were possible.

In Foster v. Bath Iron Works Corporation, 1974, Me., 317 A.2d 11, the attending physician felt that Foster could do some work provided he was given an opportunity to rest with his leg elevated when the occasion demanded. The petitioner's version was that he could relieve his discomfort only by elevating the leg from time to time. In *Foster*, we remanded because the basis for the Commissioner's conclusion of total disability was unclear. In that case, the claimant, following his injury, had been engaged in some gainful employment from which he had earned substantial remuneration. Since he was seeking further compensation, he was charged with the burden of proof respecting his right to total disability benefits. In the instant case, the employee has not worked at any remunerative employment since his injury, his body limitations are much greater and the recurrent need for rest four or five times during the day is specific and not indefinite as in the reference case.

In *Foster*, we said:

"[W]e realize that in some cases the evidence as to physical disability may be of such a nature that a Commissioner can properly *infer* that an employee's physical limitations, considered in conjunction with his other qualificational limitations, are now such that he could not perform *any* substantial remunerative work."

We believe that, in the totality of this record, the Commissioner's finding that the evidence in fact actually supported the employee's claim of total incapacity and that compensation for total disability should be continued until further order of the Commission was not clearly erroneous. Stanley v. Petroleum Tank Service, Inc., 1971, Me., 284 A.2d 280.

The entry will be

Appeal denied. Ordered that an allowance of $350.00 to cover fees and expenses of counsel, plus cost of the record, be paid by the appellants to the appellee.

All Justices concurring.

WERNICK, J., did not sit.