Michael A. **CARRIER**

v.

**ST. REGIS PAPER COMPANY.**

Supreme Judicial Court of Maine.

Argued March 3, 1982.

Decided April 9, 1982.

James Case (orally), McTeague, Higbee & Tucker, Brunswick, for plaintiff.

Mitchell & Stearns, John A. Woodcock, Jr., Kevin Cuddy (orally), Peter M. Weatherbee, Bangor, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

MEMORANDUM OF DECISION.

After the worker, Michael A. Carrier, had injured his right knee in 1974 while playing football and had injured the same knee in 1978 in the course of his employment at St. Regis Paper Company, he petitioned the Workers' Compensation Commission for a lump-sum award pursuant to 39 M.R.S.A. § 56. Now he appeals from a pro forma judgment of the Superior Court (Penobscot County), reflecting a decision of the Commission thereon, asserting the Commission erred in fixing the amount of that award in view of the uncontroverted testimony before that agency.

We affirm the judgment.

At the hearing on the petition an orthopedic surgeon who examined the worker on September 25, 1980, testified that the worker had a 25 percent permanent impairment of his right knee or a 20 percent impairment of his lower right leg. The Commission found that the worker had a 10 percent impairment of his right leg.

Where, as in the instant case, the worker has not requested that the Commission find the facts specially pursuant to 39 M.R.S.A. § 99, we resolve all questions of fact in favor of the Commission's decision and sustain that decision unless it is without reasonable basis in the record. *Swan v. Andrew Crowe & Sons, Inc.*, Me., 434 A.2d 1008, 1010 (1981). The Commission is not required to fully accept medical testimony; it has the duty to evaluate that testimony. *Dailey v. Pinecap, Inc.*, Me., 321 A.2d 492, 495 (1974). The Commission's determination of the extent of permanent impairment has a reasonable basis in the record.

The entry, therefore, will be:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee $550.00 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.